## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN AKULIC, JR., ) | |
| ) | |
| Plaintiff, ) | **Case No.: 12-cv-618** |
| ) | |
| vs. ) | |
| ) | |
| ENCORE CAPITAL GROUP, INC., ) | |
| MIDLAND FUNDING, LLC, ) | **Jury Trial Demanded** |
| and MIDLAND CREDIT ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff John Akulic, Jr., (hereinafter referred to as "Plaintiff" or "Mr. Akulic") is a natural person who resides in Jefferson County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Encore Capital Group, Inc. (hereinafter "Defendant Encore") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, that maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its registered agent for service of process.

6. Defendant Midland Funding LLC (hereinafter "Defendant Midland Funding") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Encore, and that maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its registered agent for service of process.

7. Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Kansas that is a wholly owned subsidiary of Defendant Encore, which has its principal place of business located in San Diego, CA, and maintains Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66611, as its registered agent for service of process.

8. Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

9. Defendants use the mail in their businesses.
10. Defendants use telephone communications in their businesses.
11. The primary purposes of Defendant's businesses are the collection of debts.

12. Defendants regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

13. Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act.

14. In the course of attempting to collect a debt allegedly due from Mr. Akulic to a business which is not a party to this litigation, Defendants' communicated with Mr. Akulic in a fashion that violated the Fair Debt Collection Practices Act.

*November 29, 2011 Collection Letter*

15. Finklestein, Kern, Steinberg & Cunningham sent a collection letter on behalf of its client, Defendant Midland Funding, to Mr. Akulic dated November 29, 2011 (see attached Exhibit A).

16. The November 29, 2011 collection letter states that the current creditor is: "**MIDLAND FUNDING, LLC AS SUCCESSOR IN INTEREST TO HOUSEHOLD FINANCIAL CORPORATION**.

17. The November 29, 2011 collection letter further asserts: "Creditor Account No. 31171106589239; Current Balance Due $11,102.16; Our File No.: 11-7589".

18. The November 29, 2011 collection letter further states:

> Please be advised that the above account has been assigned to our office for collection efforts. It is our hope that you will make an effort to voluntarily resolve your outstanding obligation. As of the date of this letter, you owe $11,102.16. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we may attempt to inform you before depositing the check for collection.

[3]

> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional collection efforts to recover the balance due.

(see attached Exhibit A).

19. The November 29, 2011 collection letter further states "The purpose of this letter is to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

*Collection Summons/Warrant and Lawsuit filed in Jefferson County General Sessions Court issued April 20, 2012*

20. Finkelstein, Kern, Steinberg & Cunningham, filed suit against Mr. Akulic in the Jefferson County General Sessions Court on behalf of its client, Defendant Midland. The Summons/Warrant was issued April 20, 2012 (see attached Exhibit B).

21. The April 20, 2012 suit filed against Mr. Akulic was collecting on a Household Financial Corporation account with the account code ending in 9239 and Defendant MCM's account code ending in 2315.

22. The April 20, 2012 suit filed against Mr. Akulic asserted a principle balance of $11,102.16 as of April 20, 2012 (see attached Exhibit B).

23. The April 20, 2012 suit filed against Mr. Akulic was served upon him on April 26, 2012.

24. The April 20, 2012 Summons/Warrant had an attachment titled "Affidavit of Lila Sand." (see attached Exhibit C).

[ 4 ]

25. The affidavit of Ms. Sand asserts that Mr. Akulic "owed a balance of $11102.16; and plaintiff or authorized agent of plaintiff seeks interest and a reasonable attorney's fee, if applicable." (see attached Exhibit C).

26. The affidavit of Ms. Sand is dated February 13, 2012 (see attached Exhibit C).

27. The April 20, 2012 Summons/Warrant had an additional attachment entitled "**NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW"**. (see attached Exhibit D)(emphasis included in original).

28. This **NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW** attachment bears what appears to be a date of "9/3/11" and states:

    > Midland Funding LLC recently purchased your HOUSEHOLD FINANCIAL CORPORATION account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation.
    >
    > Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

    (see attached Exhibit D)(emphasis included in original).

29. The **NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW** attachment further states:

    > The records associated with the purchase from **HOUSEHOLD FINANCIAL CORPORATION** reflect that you are obligated on this account, which is in default. As of the date of this letter, you owe $11,134.14. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. To obtain an exact payoff amount or for further information, please call one of our Account Managers at (800) 265-8825. As the owner of this account, but subject to the rights described below, Midland Funding, LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

> If you notify MCM in writing within (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

(see attached Exhibit D).

30. The April 20, 2012 Summons/Warrant has an additional attachment titled "**STATEMENT.**" It shows a previous balance due of $11,102.16, with an interest rate of 21%, accrued interest listed as $31.98, and a current balance of $11,134.14. In another section on this same attachment, there is a "Transactions" paragraph which states: "The above-referenced account was purchased by Midland Funding, LLC and is serviced by Midland Credit Management, Inc. ("MCM"). The balance of $11,134.14 is due by 10-18-2011." (see attached Exhibit E).

31. Additional attachments titled "EXHIBIT A-ASSIGNMENT AND BILL OF SALE", "EXHIBIT B- CLOSING STATEMENT" and "EXHIBIT C-ACCOUNT SCHEDULE" were all attached to the April 20, 2012 Summons/Warrant. These attachments are all signed by David J. Nauman, Assistant Vice-President of HSBC Consumer Lending (USA), Inc. All the pertinent information in these attachments has been redacted and the attachments make no reference to Mr. Akulic or his account. (see attached Exhibit F).

### *July 16, 2012 Sworn Denial*

32. On July 16, 2012, Mr. Akulic's Sworn Denial was filed with the Jefferson County General Sessions Court. Said Sworn Denial disputed that Midland Funding, LLC was an actual holder or current assignee of the debt and disputed the amount sought (see attached Exhibit G).

[ 6 ]

33. The Sworn Denial demanded strict proof from Defendants which would prove up their standing and the amount of the debt. Said Sworn Denial was mailed to Defendants' attorney, Finkelstein, on July 16, 2012. (see attached Exhibit G).

34. A dispute letter requesting documentation from Defendants which would prove up their standing and the amount of the debt was also mailed to Defendant's attorney, Finkelstein, on July 18, 2012. (see attached Exhibit H).

35. Defendants never produced a copy of a contract bearing Mr. Akulic's signature, never provided account statements, nor did they ever produce any assignment statements proving Defendant Midland's ownership of the account.

36. Due to a complete lack of documentation, the Honorable Judge Benjamin Strand dismissed the Jefferson County Tennessee General Session's Court case on October 22, 2012 (see attached Exhibit A).

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the following:

38. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

39. The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2);

40. The attempt to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692(f)(1); and

41. As a result of Defendants' actions, Mr. Akulic is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

42. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt is in violation of 15 U.S.C. § 1692e.

43. The November 29, 2011 collection letter demands a balance due of $11,102.16 as of November 29, 2011, but then asserts that "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." (see attached Exhibit A).

44. Plaintiff is confused as to how terms of his Household Financial account included interest, late charges or any other charges that may vary from day to day.

45. By demanding "other charges" that "may vary from day to day", Defendants have intentionally confused Mr. Akulic as to what amount he owes on the alleged account. (see attached Exhibits A and D).

46. The Civil Summons/Warrant filed by Defendant demands "11,102.16 plus interest at 0.00% APR…" as of its issuance on April 20, 2012. (see attached Exhibit B).

47. The Affidavit of Defendant Midland Funding demands the amount of $11,102.16 as of February 13, 2012 along with "interest and a reasonable attorney's fee, if applicable." (see

attached Exhibit C).

48. The **NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW** attachment lists a current balance due of $11,134.14 and demands interest, late charges, and **other charges that may vary from day to day**. (see attached Exhibit D)(emphasis added).

49. The **STATEMENT** attachment asserts the balance of $11,134.14 with an interest rate of 21%. (see attached Exhibit E).

50. By assigning different account balances and interest rates to the same account, none of which are the agreed upon contractual rate of interest, Defendants have confused Mr. Akulic as to what amount of money he owes on this account.

51. By utilizing the State of Tennessee court system to collect on a debt which they had no documentation to support; Defendants used a deceptive means in connection with the collection of this debt.

52. Mr. Akulic incurred attorney fees and costs associated with his defense of Defendants' frivolous and unsupported legal claims.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

53. The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is a violation of 15 U.S.C. §1692e(2).

54. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $11,102.16 plus interest at 0.00% APR is demanded in the Civil Summons/Civil Warrant issued in the Jefferson

[ 9 ]

County General Sessions Court on April 20, 2012; Defendants' **NOTICE OF NEW OWNERSHIP** *AND* **PRE-LEGAL REVIEW** demands $11,134.14 but asserts that due to interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater; and finally the amount demanded inexplicably changes to a current balance of $11,134.14 with an interest rate of 21%, pursuant to the attachment titled "**STATEMENT**." (see attached exhibit D).

55. By asserting contradictory interest rates of 0.00% and 21%, Defendants have confused Mr. Akulic as to the applicable rate of interest being applied to his account and thus have made false, deceptive, or misleading representations in connection with the amount of the alleged debt.

56. By demanding "other charges" that "may vary from day to day", Defendants have applied an inconsistent rate of interest and/or fees and committed false, deceptive, or misleading representations in connection with the amount of the alleged debt.

57. By demanding amounts that are contradictory in the Civil Summons/Civil Warrant and its attachments, Defendants have confused Mr. Akulic as to what amount of money he owes on this account.

58. Mr. Akulic asserts that the constantly changing balance asserted by Defendants demonstrates that they have no knowledge of the correct amount owed, if any. Further, Defendants are making an attempt to keep him confused as to the amount owed so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:

## UNFAIR PRACTICES

59. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, is in violation of 15 U.S.C. §1692f(1).

60. By asserting a balance that varied in each of the collection attempts, specifically assessing an inconsistent rate of interest, fees or charges on each collection letter and then providing no documentation to support the varying interest amounts, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

61. Defendants are not applying the contractual interest rate or a rate that is permitted by law.

62. By asserting contradictory interest rates of 0.00% and 21%, Defendants have demanded interest rates that are not provided for pursuant to the original agreement creating the debt or permitted by law.

63. Mr. Akulic asserts his contractual rate of interest was never the exact amount of zero percent or the exact amount of twenty-one percent, as the Civil Summons and its attachments assert.

64. Plaintiff disputes that the contractual terms of his Household Financial account included "interest, late charges or any other charges that may vary from day to day" as demanded by Defendant Midland Funding (see attached Exhibits A and D).

65. Tennessee laws require that creditors and debt collectors only demand interest and fees

[11]

that are attributable to an account and pursuant to the underlying contract that was signed by the consumer, thus the exorbitant and inconsistent amounts demanded by Defendants are also attempts to collect amounts not permitted by law.

66. Defendants were never able to provide a copy of the contract, or any documentation proving their standing or the correct amount due whatsoever, and thus Mr. Akulic asserts that Defendants' demands were never grounded in the facts of his account.

67. As a result of Defendants' actions, Mr. Akulic is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### *Respondeat Superior Liability*

68. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant's attorney Finkelstein and any other debt collectors hired as agents by Defendant Encore and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principals, Defendant Encore.

69. The acts and omissions by Defendant's attorney Finkelstein and any other debt collectors hired as agents by Defendant Encore who communicated with Plaintiff as more further described herein, were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant Encore in collecting consumer debts.

70. By committing these acts and omissions against Plaintiff, the debt collectors hired as agents by Defendant Encore who communicated with Plaintiff as more further described herein, were motivated to benefit their principal, Defendant Encore.

71. Defendant Encore is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Encore including, but not limited to, violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

*Summary*

72. The above-detailed conduct by Defendants in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

73. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

    a)    That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

    b)    That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

    c)    That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendants to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 26th day of November, 2012.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868

[14]